IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONNIE BRIGGS,　　　　　　　　　　　　　No. C 20-1117 WHA (PR)

　　　　　Plaintiff,　　　　　　　　　　　　　　**ORDER OF DISMISSAL**

　v.

BRIAN ADDENTION; WARREN GLASPER; JAMES CHAPMAN; ARRON K. BAKER,

　　　　　Defendants.
　　　　　　　　　　　　　　　　　　　／

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. He has not paid the filing fee and has been sent a Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted.

Federal courts must engage in a preliminary screening of cases in which prisoners or individuals seeking to proceed in forma pauperis seek redress from a governmental entity or officer or employee of a governmental entity and identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. 1915A; 1915(e). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff's allegations are difficult to comprehend and include racial epithets. He appears to claim that the defendants are involved in "baby killing," have "girls blood" on them, and stole his identity. Sections 1915A and 1915(e) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose

factual contentions are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples are claims describing fantastic or delusional scenarios with which federal district judges are all too familiar. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Plaintiff's allegations appear to fall into the category of delusional and clearly baseless. At the very least, they do not meet the elements of a Section 1983 claim insofar as no violation of a federal constitutional right or federal law is asserted. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law).

Accordingly, this case is **DISMISSED** as frivolous and for failure to state a cognizable claim for relief. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 2, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE